**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**


UNITED STATES OF AMERICA,

                              Plaintiff,

vs.                                                        Case No.  3:10-cv-301-J-34JRK

ANTHONY TOGNOLI and DENISE
TOGNOLI a/k/a DENISE BATTISTA,

                              Defendants.
_____/


**AMENDED**[1] **REPORT AND RECOMMENDATION**[2]

        This cause is before the Court on the Application for Entry of Default Judgment

Against Anthony Tognoli and Denise Tognoli (Doc. No. 11; "Renewed Application"), filed

November 29, 2010.  In the Renewed Application, Plaintiff requests that a default judgment

be entered against Anthony Tognoli and Denise Tognoli a/k/a Denise Battista ("Defendants")

because Defendants "have failed to appear, answer, plead, or otherwise defend this

action . . . ."  Renewed Application at 1.  In support of the Renewed Application, Plaintiff

attaches the Declaration of Val Hayes (Doc. No. 11-1), along with eight exhibits, see Doc.

---

        [1]        This Amended Report and Recommendation is entered to correct certain dates and
monetary figures contained in the Report and Recommendation (Doc. No. 13), entered February 4,
2011.  The dates and amounts of damages set out in the Complaint are referenced herein, rather than
the dates and amounts of damages set out by Plaintiff in the Renewed Application.

        [2]        Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule
6.02, Local Rules, United States District Court, Middle District of Florida ("Local Rule(s)"), within
fourteen (14) days after service of this document.  Failure to file timely objections shall bar the party
from a de novo determination by a district judge and from attacking the factual allegations on appeal.

Nos. 11-2, 11-3, 11-4, 11-5, 11-6, 11-7, 11-8, 11-9, addressing the tax liability of Defendants. Additionally, Plaintiff attaches the Declaration of Meghan Barrett (Doc. No. 11-10), along with two exhibits, see Doc. Nos. 11-11, 11-12, addressing the military status of Defendants.  For the following reasons, the undersigned recommends the Renewed Application be granted.

## I.  Background

On April 12, 2010, Plaintiff filed a Complaint (Doc. No. 1) alleging Defendants "have refused or neglected to pay their assessed federal income tax liabilities for the 2003 tax year," Compl. at 2 ¶ 7, and Defendant Denise Tognoli "willfully failed to collect, truthfully account for, and pay over income and employment taxes withheld from employees[,]" id. at 3 ¶ 10. Process was lawfully served on Defendants on April 29, 2010. See Returns of Service (Doc. Nos. 4, 5).  When Defendants failed to respond to the Complaint, Plaintiff moved for entry of default against Defendants on May 28, 2010.  See Application for Entry of Default as to Defendants (Doc. No. 6).  Thereafter, on June 1, 2010, the Clerk entered default as to Defendants. See Doc. No. 7.  On June 16, 2010, Plaintiff filed an Application for Entry of Default Judgment Against Defendants (Doc. No. 8; "First Application").  After Defendants failed to respond to the First Application, the Court provided Defendants additional time to respond to the First Application.  See Order (Doc. No. 9), entered July 13, 2010.  Again, Defendants failed to respond.  On November 2, 2010, the Court denied without prejudice the First Application due to Plaintiff's failure to advise the Court of the service status of each Defendant in compliance with the Servicemembers Civil Relief Act ("SCRA").  See Order (Doc. No. 10) at 4.  Thereafter, Plaintiff filed the Renewed Application.  Having not received a response to the Renewed Application from Defendants within the prescribed time, on

January 20, 2011, the undersigned provided Defendants additional time, until February 2, 2011, to respond to the Renewed Application. <u>See</u> Order (Doc. No. 12) at 2.  To date, Defendants have not responded to the Renewed Application.

## II.  Standard of Review

Rule 55, Federal Rules of Civil Procedure ("Rule(s)"), provides the requirements for entry of a default judgment.  <u>See</u> Fed. R. Civ. P. 55(b)(2).  A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances, the case never has been placed at issue."  <u>Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.</u>, 803 F.2d 1130, 1134 (11th Cir. 1986).  All well-pleaded allegations of fact are deemed admitted upon entry of default; however, before entering a default judgment, a court must confirm that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted.  <u>See</u> <u>Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank</u>, 515 F.2d 1200, 1206 (5th Cir. 1975);[3] <u>see also</u> <u>GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd.</u>, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (stating "[a] default judgment cannot stand on a complaint that fails to state a claim") (citations omitted).  Additionally, the court must decide whether an evidentiary hearing on the question of damages is necessary.  "[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematic calculation."  <u>United Artists Corp. v. Freeman</u>, 605 F.2d 854, 857 (5th Cir. 1979); <u>see also</u>

_____

[3]     In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all the decisions of the former United States Court of Appeals for the Fifth Circuit handed down prior to the close of business on September 30, 1981.

SEC v. Smyth, 420 F.3d 1225, 1231 (11th Cir. 2005).  When, however, the essential evidence regarding damages is before the court, a hearing on damages may be unnecessary.  See Smyth, 420 F.3d at 1232 n.13.

### III.  Discussion

#### A.      Compliance with the SCRA

As an initial matter, the undersigned addresses whether Plaintiff has complied with the SCRA.  In addition to the requirements for entry of a default judgment under Rule 55, the SCRA imposes one additional burden on a plaintiff seeking a default judgment; specifically, the plaintiff must advise the court as to the service status of each defendant.  See 50 U.S.C. app §§ 501 et seq. (2003) (amending the Soldiers' and Sailors' Civil Relief Act of 1940), 50 U.S.C. app. §§ 501 et seq. (1940)).

Here, in the Renewed Application, Plaintiff states it has "conducted a search of the United States Department of Defense Manpower Data Center ("DMDC") [SCRA] website" and has determined that "[t]he DMDC does not possess any information indicating that either Anthony Tognoli or Denise Tognoli a/k/a Denise Battista is on active duty in any of the branches of the Uniformed Services . . . ." Renewed Application at 6; see Declaration of Meghan C. Barrett (Doc. No. 11-10) at 1.  Accordingly, the undersigned concludes Plaintiff has complied with the SCRA.

#### B.      Tax Liability

The Court has jurisdiction over this matter pursuant to 26 U.S.C. §§ 7402(a), 7403 and 28 U.S.C. §§ 1340, 1345.  Upon a review of the Complaint, the undersigned concludes Plaintiff adequately states a claim upon which relief may be granted under 26 U.S.C. § 7403

because Plaintiff alleges that Defendants have an outstanding joint tax liability to the Internal Revenue Service ("IRS") and that Defendants have "refused or neglected to pay" their outstanding tax liabilities.  Compl. at 2 ¶ 7.  Moreover, Plaintiff adequately states a claim upon which relief may be granted under 26 U.S.C. § 6672 because Plaintiff alleges that Defendant Denise Tognoli has an outstanding individual tax liability to the IRS and that Denise Tognoli has "willfully failed to collect, truthfully account for, and pay over" income withheld from employees of two companies she owned.  Id. at 3 ¶ 10.

The undersigned next addresses Defendants' liability.  Prior to the imposition of any tax liability on a taxpayer, the IRS must determine whether a tax deficiency exists.  United States v. Navolio, No. 6:06-cv-1461-Orl-19GJK, 2008 WL 2413956, at *2 (M.D. Fla. June 11, 2008) (unpublished).  The United States Supreme Court has explained that "a deficiency as defined in the [United States] Code is the amount of tax imposed less any that may have been reported by the taxpayer on his [or her] return."  Laing v. United States, 423 U.S. 161, 173 (1976).  When no tax return has been filed, the deficiency is the amount of the tax due.  See id. at 174.  The IRS may send a notice of deficiency to the taxpayer upon a determination that a deficiency exists with respect to the taxpayer.  See 26 U.S.C. § 6212(a).  "The mailing of a valid notice of deficiency is generally a prerequisite to formal assessment and collection of the deficiency by the IRS."  Tavano v. C.I.R., 986 F.2d 1389, 1390 (11th Cir. 1993) (citing 26 U.S.C. § 6213(a)).  "An 'assessment' is a procedure in which the [IRS] records the liability of the taxpayer in [IRS] files."  Behren v. United States, 82 F.3d 1017, 1018 n.1 (11th Cir. 1996) (citing 26 U.S.C. § 6203).  A Federal income tax assessment is presumptively valid.  See United States v. Chila, 871 F.2d 1015, 1018 (11th Cir. 1989).  The taxpayer may overcome this presumption by presenting "clear, contrary evidence" showing

the assessment is incorrect.  <u>United States v. Mathewson</u>, 839 F. Supp. 858, 860 (S.D. Fla. 1993).

Here, Plaintiff's allegations are sufficient to establish Defendants' liability to Plaintiff. Plaintiff states that "a delegate of the Secretary of the Treasury made an assessment jointly against [Defendants] for the 2003 tax year in the amount of $106,495.48, including the tax reported on . . . [Defendants]' return, interest, and penalties for failure to pay the tax when due." Compl. at 2 ¶ 5.  After applying "withholding credits" and amounts paid by Defendants, as of December 2, 2009, a balance of $28,374.46 remains unpaid for the 2003 tax year.  <u>Id.</u> at 2 ¶¶ 5-6.  Plaintiff alleges that "[d]espite notice of these assessments and demands for payment, Defendants . . . have refused or neglected to pay their assessed federal income tax liabilities for the 2003 tax year, plus the additional unassessed interest and any other applicable statutory additions provided by law that continue to accrue."  <u>Id.</u> at 2 ¶ 7. Defendants' failure to file a response to the Complaint serves as an admission to the amount of taxes, interest, and penalties assessed, to the receipt of the notice of assessment and demand for payment by Defendants, and of Defendants' failure to satisfy the amounts owed. <u>See</u> <u>Nishimatsu</u>, 515 F.2d at 1206.  Moreover, because Defendants have not presented "clear, contrary evidence" showing the assessment is incorrect, the undersigned accepts Plaintiff's calculation of the assessment as presumptively valid. <u>See</u> <u>Chila</u>, 871 F.2d at 1018.

As to Defendant Denise Tognoli, Plaintiff sufficiently establishes Denise Tognoli's individual tax liability to Plaintiff for her actions in failing to collect and/or pay taxes from two companies she owned.  Plaintiff states that "a delegate of the Secretary of the Treasury assessed Trust Fund Recovery Penalties against Denise Tognoli pursuant to 26 U.S.C. § 6672" for certain taxable periods in 2003 and 2004.  Compl. at 4 ¶ 11.  Plaintiff has assessed

Defendant Denise Tognoli a total of $53,658.27, plus interest, as of December 2, 2009 for the following tax period end-dates:   March 31, 2003 ($392.28); September 30, 2003 ($3,367.69); March 31, 2004 ($3,240.18); June 30, 2004 ($28,164.21); September 30, 2004 ($16,648.46); and December 31, 2004 ($1,845.45).  Id. at 4 ¶ 11, 5 ¶ 13.  Plaintiff alleges that "[d]espite notice of these assessments and demands for payment, Defendant Denise Tognoli has refused or neglected to pay her assessed federal Trust Fund Recovery Penalty Liabilities for the taxable periods" in 2003 and 2004 in the amount of $53,658.27, plus any further interest thereon as allowed by law.  Id. at 5 ¶ 13.  As discussed above, the failure to respond to the Complaint by Defendant Denise Tognoli serves as an admission to the amount of taxes, interest, and penalties assessed, to the receipt of the notice of assessments and demand for payment by Denise Tognoli, and of her failure to satisfy the amounts owed.  See Nishimatsu, 515 F.2d at 1206.   Further, because Defendant Denise Tognoli has not presented "clear, contrary evidence" showing the assessment is incorrect, the undersigned accepts Plaintiff's calculation of the assessments as presumptively valid.  See Chila, 871 F.2d at 1018.

Regarding damages in this case, an evidentiary hearing is not necessary because the amount claimed by Plaintiff is capable of determination through mathematic calculation.  See United Artists Corp., 605 F.2d at 857.   Specifically, Defendants' joint tax liability is $28,374.46, plus interest and statutory additions, and Defendant Denise Tognoli's individual tax liability is $53,658.27, plus interest and statutory additions.

**C.     Interest and Statutory Additions**

Provisions for interest and statutory additions are set forth in 26 U.S.C. §§ 6601, 6621,

6622, as well as 28 U.S.C. § 1961(c).[4]  "If any amount of tax imposed by this title . . . is not paid on or before the last date prescribed for payment, interest on such amount at the underpayment rate established under section 6621 shall be paid for the period from such last date to the date paid."  26 U.S.C. § 6601(a).  Section 6621(a)(2) provides that "[t]he underpayment rate . . . shall be the sum of[:] (A) the Federal short-term rate determined under subsection (b), plus (B) [three] percentage points[.]" 26 U.S.C. § 6621(a)(2).  "The Federal short-term rate for any month shall be the Federal short-term rate determined during such month by the Secretary in accordance with section 1274(d)."  26 U.S.C. § 6621(b)(3). The Secretary determines the Federal short-term rate "based on the average market yield (during any [one]-month period selected by the Secretary and ending in the calendar month in which the determination is made) on outstanding marketable obligations of the United States with remaining periods to maturity of [three] years of less."  26 U.S.C. § 1274(d)(1)(C)(i).  "In computing the amount of any interest required to be paid under this title . . . such interest and such amount shall be compounded daily."  26 U.S.C. § 6622(a).

Here, Plaintiff alleges that Defendants have underpaid or failed to pay their federal tax liabilities.  Plaintiff states that as of December 2, 2009, Defendants have a joint tax liability of $28,374.46, and Defendant Denise Tognoli has an individual tax liability of $53,658.27 as of December 2, 2009.  Compl. at 2 ¶ 6, 5 ¶ 13.  Accordingly, the undersigned concludes interest shall accrue as to Defendants' joint tax liability at the underpayment rate established under section 6621(a)(2) and shall be compounded daily from December 2, 2009 until the

---

[4]        Although section 1961(a) governs the standard calculation for postjudgment interest, section 1961(c)(1) provides that interest with respect to any IRS tax case shall be allowed as provided for in section 6621.  See 28 U.S.C. § 1961(c)(1).

debt is satisfied.    Additionally, interest shall accrue as to Defendant Denise Tognoli individually for her individual tax liability at the underpayment rate established under section 6621(a)(2) and shall be compounded daily from December 2, 2009 until the debt is satisfied.

Upon review of the Renewed Application, the attached declarations and exhibits, the Complaint, and the file, it is

**RECOMMENDED:**

1.      That the Application for Entry of Default Against Anthony Tognoli and Denise Tognoli (Doc. No. 11) be **GRANTED**.

2.      That Plaintiff be awarded $28,374.46 for Defendants' joint tax liability plus interest at the applicable underpayment rate under section 6621(a)(2), compounded daily from December 2, 2009 until the debt is satisfied.

3.      That Plaintiff be awarded $53,658.27 for Defendant Denise Tognoli's individual tax liability plus interest at the applicable underpayment rate under section 6621(a)(2), compounded daily from December 2, 2009 until the debt is satisfied.

4.      That the Clerk be directed to enter judgment in favor of Plaintiff and against Anthony Tognoli and Denise Tognoli a/k/a Denise Battista in the amount of $28,374.46, plus interest and statutory additions as provided by law, and in favor of Plaintiff and against Defendant Denise Tognoli a/k/a Denise Battista in the amount of $53,658.27, plus interest and statutory additions as provided by law.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on April 8, 2011.

_James R. Klindt_
**JAMES R. KLINDT**
United States Magistrate Judge

wlg
Copies to:

Honorable Marcia Morales Howard,
United States District Judge

Counsel of Record

Anthony Tognoli
18635 229th Drive, B
Live Oak, Florida, 32060

Denise Tognoli a/k/a Denise Battista
18635 229th Drive, B
Live Oak, Florida, 32060